## WYNNE v. CONTINENTAL ASPHALT PAVING CO.

(Supreme Court, Appellate Term. November 24, 1908.)

MASTER AND SERVANT (§ 116*)—INJURY TO SERVANT—DUTY OF MASTER.

A servant cannot recover for injuries caused by the breaking of a plank upon which he was standing while performing his duties, where no duty of the master to furnish a platform is shown, and its initial obligation having been performed by furnishing a sufficient quantity of plank from which proper selection might have been made by plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Thomas Wynne against the Continental Asphalt Paving Company. From a judgment for plaintiff, defendant appeals. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James B. Henney, for appellant.
Louis A. Valente, for respondent.

MacLEAN, J. The plaintiff recovered below in a common-law action for injuries sustained while in the employ of the defendant from being precipitated into a trench by the breaking of a plank upon which he was standing and lowering molten lead to caulkers below. Picking up the first plank that he thought would suit his purpose—a plank in which "you couldn't see the grain; it was all mud," as plaintiff testified, which he made no attempt to brush off—although according to the testimony of the superintendent of construction there was any amount of plank around there, from 2,000 to 3,000 feet of lumber all the time, the plaintiff placed it across the trench, "jumped on it to see if it was sound," and began to use it for the purpose of a temporary or make-shift platform. Aside from any question of negligence on his own part, the plaintiff, in order to recover, must predicate his cause upon the failure of his master to perform a duty by law imposed. No duty on the part of the master to furnish a platform herein appears. All duty thereto appearing to be to furnish reasonably safe and suitable appliances for the prosecution of the work. The initial obligation the master is shown to have performed in that it furnished sufficient quantity of plank from which a proper selection might have been made. Had a co-worker selected an improper plank, the plaintiff might not have held the defendant liable (Vogel v. American Bridge Co., 180 N. Y. 375, 73 N. E. 1, 70 L. R. A. 725), and no more where he himself makes the selection. The judgment should be reversed, and a new trial ordered.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.